# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY COOKS, #N30637, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-01929-GCS |
| | ) |
| DR. PERCY MYERS and | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Bobby Cooks, an inmate in the custody of the Illinois Department of Corrections and currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action under 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims that Defendants delayed treatment of his torn meniscus, prolonging his pain and necessitating surgery. He asserts Eighth Amendment claims for money damages against Dr. Percy Myers and Wexford Health Source, Inc.

The Complaint is subject to review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims.[1] *See* 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a magistrate judge (Doc. 5) and the limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between Wexford and this Court.

dismissed. *See* 28 U.S.C. § 1915A(b). The factual allegations are liberally construed at this stage. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff alleges he was denied adequate medical care for a knee injury he sustained at Pinckneyville while playing basketball on February 20, 2024. For five months, he requested diagnosis and treatment of his injury. He was scheduled for a CT scan soon after he was injured, but he did not undergo diagnostic testing until May 10, 2024 or receive the test results confirming a torn meniscus until sometime after May 29, 2024. In the meantime, Plaintiff was issued medical permits for a low gallery, low bunk, crutches, ace bandages, and ice. (Doc. 1, p. 6-7).

Plaintiff complained of "terrible" pain from the date of injury until he was sent to an orthopedic specialist on July 29, 2024. Plaintiff was recommended for surgery following an MRI. He blames Dr. Myers for causing the inordinate delay in diagnosis and treatment of his injury by carrying out Wexford's policy, custom, or practice of delaying necessary treatment to inmates to reduce the overall cost of inmate medical care. He also claims the treatment delay unnecessarily prolonged his pain and exacerbated his injury. *Id*.

## DISCUSSION

The Court designates the following enumerated counts in the *pro se* Complaint:

**Count 1:** Eighth Amendment claim against Dr. Myers for denying or delaying Plaintiff's diagnosis and treatment of a knee injury at Pinckneyville for more than five months from February 20, 2024 until July 29, 2024.

    **Count 2**:    Eighth Amendment claim against Wexford for its policy, custom, or practice of delaying necessary testing and treatment of inmates, including Plaintiff, in order to reduce the overall cost of inmate medical care at Pinckneyville.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

Eighth Amendment claims consist of an objective and a subjective component. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The objective component requires a plaintiff to demonstrate that his medical need was sufficiently serious. *Id.* The subjective component requires the plaintiff to show that each defendant responded to the serious medical need with deliberate indifference, which occurs when the defendant knew of and disregarded an excessive risk to inmate health. *Id.*

Count 1 meets both standards at screening. Plaintiff's untreated knee injury and associated pain is sufficiently serious to satisfy the objective component of this claim. Dr. Myer's delay in testing and treatment of the injury and related pain supports a claim of deliberate indifference against this individual. Count 1 will receive further review against Dr. Myers.

Count 2 will also proceed past screening against Wexford. The private medical corporation can only be held liable for deliberate indifference if one of its policies,

---

[2]    *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

customs, or practices caused a constitutional deprivation. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014) (citing *Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). *Respondeat superior* liability is not recognized in this context. *Id*. Plaintiff's allegations suggest that he was delayed necessary testing and treatment of a torn meniscus and pain because of Wexford's policy or custom of delaying necessary inmate medical care to save on overall costs. Count 2 will also receive further review against Wexford.

## DISPOSITION

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against **DR. MYERS**, in an individual capacity, and **COUNT 2** will proceed against **WEXFORD HEALTH SOURCE, INC. <u>Because Counts 1 and 2 arise from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.</u>**

With regard to Counts 1 and 2, the Clerk of Court shall prepare for **DR. PERCY MYERS** and **WEXFORD HEALTH SOURCE, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with

this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 22, 2024.**

Digitally signed by Judge Sison
Date: 2024.10.22 13:47:24 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

NOTICE

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.**